GARMAN TURNER GORDON LLP
GERALD M. GORDON, ESQ.
NV Bar No. 229
E-mail: ggordon@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
NV Bar No. 9040
E-mail: tgray@gtg.legal
MARK M. WEISENMILLER, ESQ.
NV Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, NV 89119
Telephone: (725) 777-3000
Facsimile: (725) 777-3112

HELLER, DRAPER, PATRICK, HORN, &
DABNEY, L.L.C.
DOUGLAS S. DRAPER, ESQ.
LA Bar No. 5073*
E-mail: ddraper@hellerdraper.com
LESLIE A. COLLINS, ESQ.
LA Bar No. 14891*
E-mail: lcollins@hellerdraper.com
GRETA M. BROUPHY, ESQ.
LA Bar No. 26216*
E-mail: gbrouphy@hellerdraper.com
650 Poydras St., Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Facsimile: (504) 299-3399
*pro hac vice application pending*

*Proposed Attorneys for Debtors*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | **BK-S-15-14589-abl** |
| MSAA LV PARTNERS, LLC. | |
| ☐ Affects this Debtor. | Chapter 11 |
| ☒ Affects ALL DEBTORS | JOINT ADMINISTRATION REQUESTED |
| ☐ Affects MSAA HOLDINGS, LLC | BK-S-15-14600-abl |
| ☐ Affects MSAA PA PARTNERS, LLC | BK-S-15-14599-abl |
| ☐ Affects MSAA PARTNERS, LLC | BK-S-15-14598-abl |

### EMERGENCY MOTION FOR ORDER UNDER FED. R. BANKR. P. 1015(b)
### DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

MSAA LV Partners, LLC, MSAA Holdings, LLC, MSAA PA Partners, LLC, and

MSAA Partners, LLC, as debtors and debtors-in-possession (each referred to herein as the

"Debtor" or collectively, the "Debtors"), by and through their undersigned counsel, each, by way

of substantially similar motions (the "Motion") filed in each of the above-captioned Chapter 11

Cases, respectfully move this Court for entry of an order providing for the joint administration of

the Chapter 11 Cases.  The Debtors each bring this Motion under Rule 1015(b) of the Federal

Rules of Bankruptcy Procedure and Section 105(a) of title 11 of the United States Code (as

amended, the "Bankruptcy Code"), and, in support thereof, respectfully represent:

### I. JURISDICTION, VENUE, AND NOTICE

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. §157.  This venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The authority for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Section 105(a) of the Bankruptcy Code.

3.      Pursuant to Local Rule 9014.2, the Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

4.      On August 11 and 12, 2015, the Debtors filed for relief under Chapter 11 of the Bankruptcy Code.  The Debtors intend to continue to operate their business and manage their property as debtors in possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

5.      The *Omnibus Declaration in Support of the Debtors' First Day Motions and Applications* (the "Omnibus Declaration") filed concurrently herewith and incorporated herein by this reference provides a detailed discussion of the factual background and circumstances surrounding the Debtors' commencement of these Chapter 11 Cases, the Debtors' operations, the facts and circumstances necessitating the joint administration of the Debtors.

6.      Notice of this Motion has been provided by e-mail, facsimile, or overnight delivery to (a) the Debtors; (b) counsel for the Debtors; (c) any official committees appointed in the case and their respective counsel; (d) the Office of The United States Trustee, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada  89101; (e) the top 20 largest unsecured creditors of each of the Debtors until any official committee for unsecured creditors is formed; (f) United States Attorney's Office, Attn:  Civil Process Clerk, 333 Las Vegas Blvd. South, Suite 5000, Las Vegas, Nevada  89101; (g) United States Attorney's Office for the District of Nevada,

1  United States Attorney's Office, 333 Las Vegas Blvd. South, Suite 5000, Las Vegas, Nevada
2  89101; (h) Nevada's Attorney General's Office, Grant Sawyer Building, 555 E. Washington
3  Avenue, Suite 3900, Las Vegas, Nevada 89101; (i) Nevada's Department of Taxation,
4  Bankruptcy Section, Grant Sawyer Office Building, 555 E. Washington Ave, Suite 1300, Las
5  Vegas, Nevada 89101; (j) Mark Friedman, DLA Piper LLP, The Marbury Building, 6225 Smith
6  Avenue, Baltimore, Maryland 21209-3600; (k) Scott M. Esterbrook, Reed Smith LLP, Three
7  Logan Square, Suite 3100, 1717 Arch Street, Philadelphia, Pennsylvania 19103; (l) McLane
8  Foodservice, Inc., c/o Eric R. Goodman, Baker Hostetler, PNC Center, 1900 East 9th Street,
9  Suite 3200, Cleveland, Ohio 44114-3482; (m) A&W Restaurants, Inc., McGrathiana Parkway,
10 Suite 380, Lexington, Kentucky 40511; (n) PACA Claimants; (o) Clark County Treasurer c/o
11 Bankruptcy Clerk, 500 S. Grand Central Parkway, Box 551220, Las Vegas, Nevada 89155-
12 1220; (p) Clark County Assessor c/o Bankruptcy Clerk, 500 S. Grand Central Parkway, Box
13 551401, Las Vegas, Nevada 89155-1401; (q) Internal Revenue Service, P.O. Box 7346,
14 Philadelphia, Pennsylvania 19105-1545; (r) Department of Employment, Training and Rehab,
15 Employment Security Division, 500 East Third Street, Carson City, Nevada 89713; (s) Social
16 Security Administration, Office of Regional Chief Counsel, Region IX, 160 Spear Street, Suite
17 800, San Francisco, California 94105-1545; and (t) all parties who request notices pursuant to
18 Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief
19 requested, the Debtors submit that no further notice is required.

20                    **II. RELIEF REQUESTED AND FACTUAL PREDICATE**

21          7.      The Debtors were organized in 2006 and became franchises of Long John Silvers,
22 A&W Rootbeer, and Kentucky Fried Chicken in 2006.

23          8.      The Debtors have operated stores in Las Vegas, Pennsylvania, and West Virginia.
24 At their height, the Debtors operated 49 stores in three geographic locations. Non-debtor entities
25 (MSAA NV Partners, LLC and MSAA Ohio Partners, LLC) operate stores in Ohio and Northern
26 Virginia. The Debtors have closed or propose to close 25 locations.

27          9.      The majority of the Debtors' stores are leased locations with third party landlords
28 or through Long John Silvers. GE Capital Franchise Finance Corporation, Citicorp Leasing, and

General Electric Capital Corporation (collectively "GECC") have a lien on all of the assets of the Debtors and the documents cross default and cross collateralize the debts. At present, GECC is owed in excess of $7,000,000.00.

10. The sales at the locations operated by the Debtors have declined significantly over the past 24 months. The decline resulted in the Debtors being unable to make payments to Long John Silvers under the franchise agreements and various lease obligations and the Debtors currently owe Long John Silvers in excess of $8,000,000.00.

11. Significant "due tos" and "due froms" exist between the Debtors.

12. To address the financial difficulties identified above, the Debtors investigated potential sales of their businesses and other restructuring options. The Debtors attempted to work with GECC and Long John Silvers to develop a strategy to address the ongoing financial burdens faced by each Debtor.

13. Due to the capital structure and the cross collateralized debt, it is impossible to sell or operate one entity in a vacuum without taking into account the debts of the other Debtors.

14. The Debtors have been negotiating an Asset Purchase Agreement with Long John Silvers for the transfer of 24 locations to Long John Silvers (or an alternate purchaser). The transaction, if approved, will be in the best interests of all creditors and represents the best possible value considering the amounts owned to GECC and Long John Silvers.

15. By this Motion, the Debtors request entry of an order authorizing joint administration of the Debtors' Chapter 11 Cases for procedural purposes, with MSAA LV Partners, LLC as the lead case.

### III. LEGAL ANALYSIS

16. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in relevant part, that: "[i]f . . . two or more petitions are pending in the same court by or against (1) . . . . (4) a debtor and an affiliate, the court may order a joint administration of the estate". Fed. Rules Bankr. Pro. 1015(b). The other Debtors are "affiliates" of MSAA LV Partners, LLC as that term is defined in Section 101(2) of the Bankruptcy Code.

17. Additionally, Section 105 of the Bankruptcy Code provides that "[t]he Court may

1    issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

2    of this title." 11 U.S.C. § 105(a).

3        18.    A bankruptcy court can avoid any potential prejudice to creditors created by joint

4    administration of affiliated cases by entering orders as may tend to avoid unnecessary costs and

5    delay. *See* Fed. R. Bankr. P. 1015(c). "Joint administration is designed in large part to promote

6    procedural convenience and cost efficiencies which do not affect the substantive rights of

7    claimants or the respective debtor estates." *In re McKenzie Energy Corp.*, 228 B.R. 854, 874

8    (Bankr. S.D. Tex. 1998) (citing *Unsecured Creditors Committee v. Leavitt Structural Tubing*

9    *Co.*, 55 B.R. 710 (N.D. Ill. 1985), aff'd, 796 F.2d 477 (7th Cir. 1986)). The efficiency and utility

10   of permitting joint administration of related cases is widely recognized. *See, e.g., In re American*

11   *Wagering, Inc.*, 493 F.3d 1067, 1070 (9th Cir. 2007); In re Reider, 31 F.3d 1102, 1109 (11th Cir.

12   1994); *In re Geneva Steel, LLC*, 389 B.R. 231, 236 (Bankr. D. Utah 2008); *In re PL Liquidation*

13   *Corp.*, 305 B.R. 629, 632 (Bankr. D. Del. 2004). The relief requested herein is commonly

14   granted in this district. *See In re Jerry's Nugget, Inc.*, Case No.12-19387-mkn, ECF No. 48

15   (Bankr. D. Nev. August 17, 2012); *In re 155 East Tropicana, LLC*, 11-22216-bam, ECF No. 56

16   (Bankr. D. Nev. August 8, 2011); *In re Black Gaming, LLC*, Case No. 10-13301-bam, ECF No.

17   70 (Bankr. D. Nev. March 5, 2010); *In re Zante, Inc.*, Case No. 09-50746-gwz, ECF No. 34

18   (Bankr. D. Nev. March 23, 2009).

19       19.    Consistent with the practices of this district and other districts, if the Court

20   authorizes joint administration, the number of the lowest numbered bankruptcy case is to be

21   captioned first and the caption of the lowest numbered case is to serve as the identifying caption.

22   In order to optimally and economically administer these pending chapter 11 cases, these chapter

23   11 cases should be jointly administered, for procedural purposes, under the case number assigned

24   to MSAA LV Partners, LLC.

25       20.    The rights of the respective creditors of the Debtors will not be adversely affected

26   by joint administration of these cases because this Motion requests only administrative

27   consolidation of the estates, and the Debtors are not by this Motion seeking substantive

28   consolidation. The Debtors request that single docket sheets be maintained for all matters

occurring in these cases, and that they be authorized, but not required, to use combined service lists and notices to creditors. Notwithstanding the entry of an order granting the relief requested by this Motion, separate claims registers shall be maintained and each creditor shall file a proof of claim against a particular Debtor's estate. Thus, the rights of all creditors will be enhanced by the reduced costs resulting from joint administration. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee will be simplified.

21.    By reason of the foregoing, the interests of the Debtors and their creditors is best served by joint administration of the above-captioned Chapter 11 Cases.

**WHEREFORE**, each of the Debtors respectfully requests that the Court enter an order substantially in the form submitted herewith as **Exhibit "1,"** thereby (a) authorizing the joint administration of the MSAA LV Partners, LLC chapter 11 case with the chapter 11 cases of each of the other Debtors under the case number assigned to MSAA LV Partners, LLC, and (b) granting such other relief as the Court deems just and proper.

Dated this 12th day of August, 2015.

GARMAN TURNER GORDON LLP

By:  _/s/ Talitha Gray Kozlowski_
     GERALD M. GORDON, ESQ.
     TALITHA GRAY KOZLOWSKI, ESQ.
     MARK M. WEISENMILLER, ESQ.
     650 White Drive, Suite 100
     Las Vegas, NV 89119

     and

     HELLER, DRAPER, PATRICK, HORN
      & DABNEY, L.L.C.
     DOUGLAS S. DRAPER, ESQ.
     LESLIE A. COLLINS ESQ.
     GRETA M. BROUPHY, ESQ.
     650 Poydras Street, Suite 2500
     New Orleans, LA  70130-6103

     *Proposed Attorneys for Debtors*