# EXHIBIT A

# EXHIBIT A

GARMAN TURNER GORDON LLP
GERALD M. GORDON, ESQ.
NV Bar No. 229
E-mail:  ggordon@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
NV Bar No. 9040
E-mail:  tgray@gtg.legal
MARK M. WEISENMILLER, ESQ.
NV Bar No. 12128
E-mail:  mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, NV 89119
Telephone: (725) 777-3000
 Facsimile: (725) 777-3112

HELLER, DRAPER, PATRICK, HORN, &
DABNEY, L.L.C.
DOUGLAS S. DRAPER, ESQ.
LA Bar No. 5073*
E-mail:  ddraper@hellerdraper.com
LESLIE A. COLLINS, ESQ.
LA Bar No. 14891*
E-mail:  lcollins@hellerdraper.com
GRETA M. BROUPHY, ESQ.
LA Bar No. 26216*
E-mail:  gbrouphy@hellerdraper.com
650 Poydras St., Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Facsimile:  (504) 299-3399
*pro hac vice application pending*

*Proposed Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| In re:<br><br>MSAA LV PARTNERS, LLC.<br><br>☐ Affects this Debtor.<br><br>☒ Affects ALL DEBTORS<br><br>☐ Affects MSAA HOLDINGS, LLC<br><br>☐ Affects MSAA PA PARTNERS, LLC<br><br>☐ Affects MSAA PARTNERS, LLC | **BK-S-15-14589-abl**<br><br>Chapter 11<br><br>JOINT ADMINISTRATION REQUESTED<br><br>BK-S-15-14600-abl<br><br>BK-S-15-14599-abl<br><br>BK-S-15-14598-abl |
|---|---|

**INTERIM ORDER PURSUANT TO SECTIONS 361, 362 AND 363 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 4001 AND LOCAL RULE 4001: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING ADEQUATE PROTECTION; (3) SCHEDULING AND APPROVING THE FORM AND METHOD OF NOTICE FOR A FINAL ORDER; AND (4) FOR RELATED RELIEF**

Upon consideration of the *Emergency Motion for Entry of Interim and Final Orders Pursuant to Sections 361, 362 and 363 of the Bankruptcy Code, Bankruptcy Rule and Local Rule 4001: (1) Authorizing Use of Cash Collateral; (2) Granting Adequate Protection; (3) Scheduling and Approving the Form and Method of Notice for a Final Order; and (4) for Related Relief* (the "Motion")[1] of MSAA LV Partners, LLC, *et al.*, debtors and debtors-in-possession (collectively, the "Debtors"), the arguments of counsel at a hearing held on _____, 2015, the record and the pleadings filed herein, including the *Omnibus Declaration in Support of the Debtors' First Day Motions and Applications* ][DKT. No. __] and the *Declaration in Support of Emergency Motion for Entry of Interim and Final Orders Pursuant to Sections 361 and 363 of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001 Authorizing Use of Cash Collateral; (2) Granting Adequate Protection; (3) Scheduling and Approving the Form and Method of Notice for a Final Order; and (4) for Related Relief* [DKT. No. __], and for the reasons orally assigned in open court,

### IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Motion is **GRANTED** on an interim basis, as set forth herein. The Debtors shall be, and hereby are, authorized to use cash which may constitute Cash Collateral on the terms and conditions set forth in this Interim Order until the earlier of the entry of the final Order and September 15, 2015, subject to the Events of Default and Termination Date as provided below. The Debtors are authorized to use cash which may constitute Cash Collateral in accordance with the Budget attached to the Motion; provided, however, that the Debtors may exceed to exceed each line item in the Budget by up to ten percent (10%), so long as the aggregate amount of the Budget on a monthly basis is not exceeded by more than twenty percent (20%), and (b) subject to the foregoing, to use any budgeted amount for expenditures which are

---

[1] Each capitalized term used, but not otherwise defined herein, shall have the meaning ascribed thereto in the Motion.

not made in a particular monthly period in any other period; provided, however, that the Debtors may not exceed the line item entitled "GNA Expenses" at any time without the prior written consent of the Lender.

2. The Court hereby grants claims against the Debtors' estates in favor of GE Capital Franchise Finance Corporation ("GEFF") as adequate protection, which claims shall be in the amount of any post-petition diminution in the value of GEFF's interest in cash which may constitute Cash Collateral or any of their respective Pre-Petition Collateral from and after the Petition Date to the extent such interests are entitled to adequate protection against such diminution under the Bankruptcy Code (the "Adequate Protection Claim"). Nothing in this order shall be construed to prevent GEFF or the Debtors from seeking to modify the adequate protection provisions granted in this Interim Order in connection with the entry of the Final Order.

3. The Debtors are directed to keep their books and records of original entry, including without limitation, records of sale, credits authorized (whether or not credit memoranda have been issued), purchases, accounts receivable, cash receipts, and cash disbursements, current and updated, so that all business activity is posted to them in the ordinary course of the Debtors' business.

4. Notwithstanding Bankruptcy Rule 7062, the terms and conditions of this Interim Order shall: (a) be immediately enforceable pursuant to Bankruptcy Rule 8005; and (b) not be stayed absent: (i) an application by a party in interest for such stay in conformance with such Bankruptcy Rule 8005; and (ii) a hearing upon notice to the Debtors.

5. The occurrence of any of the following shall constitute an event of default hereunder (an "Event of Default"):

a. Any Debtor shall fail to keep, observe, or perform any of its material agreements or undertakings hereunder;

b. Any Debtor shall contest any Pre-Petition Obligation, Pre-Petition Loan Document, or Pre-Petition Lien or other lien or security interest of the Lender, file any claim, complaint, adversary proceeding, suit, demand, action, or cause of action against the Lender with this Court, or seek to have the Court annul, modify, or amend any part of this Order without the prior written consent of the Lender;

c. Any Debtor shall suffer the appointment of a trustee or examiner with expanded power;

d. Any Debtors' chapter 11 case is converted to a case under chapter 7 of the Bankruptcy Code, or any Debtor files a motion to convert its Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code;

e. Any Debtor shall contract or agree to sell any of its real or personal property or assets, outside of the ordinary course of business, which are subject to the Lender's Pre-Petition Liens, without the prior written consent of the Lender;

f. Any Debtor shall pledge or file a motion to pledge any of its real or personal property or assets to any entity other than the Lender, whether pursuant to section 364 of the Bankruptcy Code or otherwise, or allow, voluntarily or involuntarily, any liens or security interests to attach to a material portion of its assets other than liens and security interests existing as of or by reason of this Order;

g. The Debtors fail to file a motion pursuant to Section 363 of the Bankruptcy Code seeking approval to sell all or substantially all of their assets on or before August 30, 2015; or

   h. The entry of an order granting relief from the automatic stay with respect to any property or asset of the Debtor with a value greater than $100,000.

  6. Upon the Termination Date (as a result of the occurrence of an Event of Default which shall be a Termination Date event or otherwise), the Debtors' right to use Cash Collateral shall automatically and immediately terminate unless otherwise agreed to by the Lender in writing. Notwithstanding the foregoing, nothing contained in the Orders shall prohibit the Debtors from filing a motion, on an expedited basis or otherwise, for authority to use cash collateral following an Event of Default or an objection to a Default Notice. Upon the Termination Date, the Lender may seek expedited relief from any stay under section 362 of the Bankruptcy Code or other restriction in the enforcement of its liens and security interests under the Pre-Petition Loan Documents and/or this Order. The Lender and Debtors agree that the Lender may seek an expedited hearing before this Court to consider the entry of such order upon three (3) business days after certification by the Lender of an Event of Default to the Debtors, the United States Trustee, the Committee, any creditors who assert an interest in Cash Collateral, any taxing authorities to which the Debtors is indebted, and any parties requesting notice under Bankruptcy Rule 2002, and the Debtors reserve and preserve all rights to object to any Default Notice, request of the Lender for relief from any stay under section 362 of the Bankruptcy Code or otherwise.

  7. Notwithstanding any provision of this Order to the contrary, Cash Collateral may be used for the payment of allowed professional fees and disbursements incurred by the professionals retained by the Debtors, pursuant to Sections 327 or 1103(a) of the Bankruptcy Code, in the amounts set forth in the Budget and as otherwise permitted in this Interim Order.

  8. Notwithstanding Bankruptcy Rule 7062, the terms and conditions of this Interim Order shall: (a) be immediately enforceable pursuant to Bankruptcy Rule 8005; and (b) not be

stayed absent: (i) an application by a party in interest for such stay in conformance with such Bankruptcy Rule 8005; and (ii) a hearing upon notice to the Debtors.

9. The Debtors shall forthwith serve by first-class United States Mail a copy of this Interim Order (which shall constitute adequate notice of the Final Hearing) upon counsel and the agents to any potential Secured Creditors, all other secured creditors of record, the Office of the United States Trustee, the Debtors' twenty (20) largest creditors and any party having filed a request to receive service in these Chapter 11 Cases.

10. The Hearing to consider the entry of a Final Order authorizing and approving the use of Cash Collateral and providing adequate protection is hereby scheduled for _____, 2015 at \_\_\_\_\_ a.m. All objections to the entry of such Final Order authorizing the use of Cash Collateral shall be filed and received, **no later than seven (7) business days** before the date of the Final Hearing set forth above, by counsel to the Debtors, counsel for Long John Silver's - Mark Friedman, DLA Piper LLP, The Marbury Building, 6225 Smith Avenue, Baltimore, Maryland 21209-3600, and counsel for GE - Scott M. Esterbrook, Reed Smith LLP, Three Logan Square, Suite 3100, 1717 Arch Street, Philadelphia, PA 19103.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

**IT IS SO ORDERED.**

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: */s/ Talitha Gray Kozlowski*
　　GERALD M. GORDON, ESQ.
　　TALITHA GRAY KOZLOWSKI, ESQ.
　　MARK M. WEISENMILLER, ESQ.
　　650 White Drive, Suite 100
　　Las Vegas, NV 89119
　　　　and
　　HELLER, DRAPER, PATRICK, HORN & DABNEY, L.L.C.
　　DOUGLAS S. DRAPER, ESQ.

| | |
|---|---|
| 1 | LESLIE A. COLLINS ESQ. |
| 2 | GRETA M. BROUPHY, ESQ.<br>650 Poydras Street, Suite 2500 |
| 3 | New Orleans, LA  70130-6103 |

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

# EXHIBIT 1

**Budget**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Garman Turner Gordon LLP
650 White Drive, Suite 100
Las Vegas, NV 89119
(725) 777-3000

9