GARMAN TURNER GORDON LLP
GERALD M. GORDON, ESQ.
NV Bar No. 229
E-mail: ggordon@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
NV Bar No. 9040
E-mail: tgray@gtg.legal
MARK M. WEISENMILLER, ESQ.
NV Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, NV 89119
Telephone: (725) 777-3000
Facsimile: (725) 777-3112

HELLER, DRAPER, PATRICK, HORN, & DABNEY, L.L.C.
DOUGLAS S. DRAPER, ESQ.
LA Bar No. 5073*
E-mail: ddraper@hellerdraper.com
LESLIE A. COLLINS, ESQ.
LA Bar No. 14891*
E-mail: lcollins@hellerdraper.com
GRETA M. BROUPHY, ESQ.
LA Bar No. 26216*
E-mail: gbrouphy@hellerdraper.com
650 Poydras St., Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Facsimile: (504) 299-3399
*pro hac vice application pending*

*Proposed Attorneys for Debtors*

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

| In re: | |
|---|---|
| MSAA LV PARTNERS, LLC. | **BK-S-15-14589-abl** |
| ☐ Affects this Debtor. | Chapter 11 |
| ☒ Affects ALL DEBTORS | JOINT ADMINISTRATION REQUESTED |
| ☐ Affects MSAA HOLDINGS, LLC | BK-S-15-14600-abl |
| ☐ Affects MSAA PA PARTNERS, LLC | BK-S-15-14599-abl |
| ☐ Affects MSAA PARTNERS, LLC | BK-S-15-14598-abl |
| | Date: OST Pending |
| | Time: OST Pending |

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR DEBTORS' FIRST DAY MOTIONS AND APPLICATIONS**

MSAA LV Partners, LLC *et al.*,[1] debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this ex parte application (the "OST Application") requesting that this Court hear Debtors' first day motions and

---

[1] MSAA LV Partners, LLC, MSAA Holdings, LLC, MSAA PA Partners, LLC, MSAA Partners, LLC have sought concurrently herewith, the joint administration of the above-captioned debtors.

applications (the "First Day Motions")[2] on shortened time as the relief requested in the First Day Motions is necessary to the Debtors' continued operation as a going concern following the Debtors' filing of their voluntary petitions for relief under Chapter[3] 11 of the Bankruptcy Code. The Debtors' First Day Motions are as follows:

1. *Motion for Order Under Fed. R. Bankr. P. 1015(B) Directing Joint Administration of Chapter 11 Cases* (the "Joint Administration Motion");

2. *Emergency Motion for Entry of Order Pursuant to Sections 361 and 363 of The Bankruptcy Code and Bankruptcy Rule 4001 for Interim and Final Orders: (1) Authorizing Use of Cash Collateral; (2) Granting Adequate Protection; (3) Scheduling And Approving the Form And Method of Notice for a Final Order; and (4) for Related Relief* (the "Cash Collateral Motion");

3. *Motion of the Debtors Pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure for an Extension of Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases and Statements of Financial Affairs* (the "Schedules and Statements Motion");

4. *Motion of Debtors for Entry of an Order Authorizing Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Customer Programs in the Ordinary Course of Business* (the "Customer Practices and Programs Motion");

5. *Motion for Authority to Pay Employees' Prepetition Wages, Related Expenses, Benefits and Taxes* (the "Wages Motion");

6. *Emergency Motion of Debtor for Authority to Pay Prepetition PACA Claims* (the "PACA Motion");

7. *Motion for Order Under 11 U.S.C. §§ 105(a) and 503(b)(9) Establishing Procedure for Treatment of 503(b)(9) Claims* (the "503(b)(9) Motion");

8. *Motion for Order Under 11 U.S.C. §§ 105(A) and 365(A) and Fed. R. Bankr. P. 6006 Authorizing Debtor Enter Into Transition Services Agreement* (the "Transition Services Agreement Motion");

9. *Motion for Entry of An Order Under 11 U.S.C. §§ 105, 363, 364, 1107 and 1108 Authorizing Maintenance of Existing Bank Accounts, Continued Use of Existing*

---

[2] All capitalized, undefined terms shall have the meanings ascribed to them in the respective First Days Motions.
[3] All references to "Chapter" and "Section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

*Business Forms, Continued Use of Existing Cash Management System And For Related Relief* (the "Cash Management Motion"); and

10. *Motion for Interim and Final Orders: (A) Prohibiting Utilities from Altering, Refusing or Discontinuing Services to, or Discriminating Against, the Debtors on Account of Prepetition Invoices; (B) Determining that the Utilities are Adequately Assured of Future Payment; (C) Establishing Procedures for Determining Requests for Additional Assurance; and (D) Permitting Utility Companies to Opt Out of the Procedures Established Herein* (the "Utilities Motion").

The First Day Motions are supported by the *Omnibus Declaration in Support of the Debtors' First Day Motions and Applications* filed with the First Day Motions.

This OST Application is made and based upon Bankruptcy Rule 9006, the following memorandum of points and authorities, the following declaration of Talitha Gray Kozlowski, the Attorney Information Sheet filed contemporaneously with this OST Application, the papers and pleadings on file with this Court, judicial notice of which is respectfully requested.

WHEREFORE, the Debtors respectfully request that this Court grant this OST Application and issue an order shortening time to hear the First Day Motions on **August 14, 2015, at 1:30 p.m.,** and for other and further relief as the Court deems just and proper.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
DECLARATION OF TALITHA GRAY KOZLOWSKI**

I, Talitha Gray Kozlowski, declare as follows:

1.  I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, and if called upon to testify, could and would do so.

2.  I am a partner with the law firm of Garman Turner Gordon LLP, proposed co-counsel for the Debtors in the above-captioned Chapter 11 Case and duly licensed to practice law in the State of Nevada.

3. The Debtors own and/or operate several Long John Silver franchises in three (3) states. Without an immediate hearing on the First Day Motions, the Debtors' operations will be placed in imminent jeopardy, thereby drastically harming the Debtors, their estates, and their creditors.

3

**A.    The First Day Motions.**

    **1.    The Joint Administration Motions.**

4.    In order to ensure a smooth and orderly transition into their respective Chapter 11 Cases and to avoid unnecessary and duplicative filings that will be costly and burdensome, it is necessary to hear the Joint Administration Motions filed by each of the Debtors before considering any other pleadings filed in the Chapter 11 Cases.

    **2.    The Cash Collateral Motion.**

5.    The Debtors have an immediate need to use Cash Collateral for the purpose of meeting necessary expenses incurred in the ordinary course of their business, paying operating expenses, including payroll, and the costs associated with their restructuring and this proceeding, while they restructures and reorganize their indebtedness and businesses in a manner that maximizes value and is fair and equitable to all parties in interest. Further, the expenditure of Cash Collateral is necessary in order to preserve the value of the Collateral.

6.    Good cause exists to hear this motion on shortened time as Debtors' inability to use Cash Collateral on the basis set forth in the Budget would result in an immediate cessation of the ongoing operations of the Debtors' business and would cause irreparable harm to Debtors' estate. Put simply, the Debtors cannot continue operations and pursue its restructuring efforts absent use of Cash Collateral.

    **3.    The Schedules and Statements Motion.**

7.    The deadline for each Debtor to file its Schedules and Statements is fourteen (14) days after the Petition Date. Given the complexity of these Debtors and their cases, the Debtors need additional time in order to accurately complete their Schedules and Statements. As the deadline for the Debtors to file their Schedules and Statements is less than the standard twenty-eight days' notice period, it is necessary that the Schedules and Statements Motion be heard on shortened time.

. . .

. . .

. . .

**4.     The Customer Practices and Programs Motion.**

8.     The Debtors' business is highly competitive and their customers are price conscious. In order to drive sales to the Debtors' locations and away from competitive brands, Long John Silver's, A&W Root Beer, Kentucky Fried Chicken and the Debtors issue discount coupons and customers pay for gift cards (the "Coupon Program"). In order to maintain sales at the Debtors' operating locations, it is imperative that the Debtors honor coupons and discounts that were issued pre-petition. The cost of honoring the coupons, discounts, and gift cards on a monthly basis is nominal, however, the effect on sales would be significant if the Debtors were unable to honor the coupons issued prepetition. Additionally, a failure to honor the Coupon Program may be a violation of the Debtors' Franchise Agreement.

**5.     The Wages Motion.**

9.     If the Debtors are unable to take the necessary steps to ensure that wages and related obligations are paid for the pay period commencing immediately prior to the Petition Date and concluding postpetition, there is a significant risk that a large numbers of essential Employees will resign and that those Employees who remain will be discontented and demoralized.

10.     Continued payment of the Employee Obligations are essential to preserve the morale and to maintain positive relations between the Debtors and their Employees and to allow the Debtors to continue operating.

11.     The Debtors' next payroll is due on Friday, August 14, 2015.

**6.     The PACA Motion.**

12.     The Debtors submit that the prompt payment in their business judgment of certain PACA Claims is essential to maintaining the Debtors' restaurant operations, and maximizing the value of the Debtors' assets and estate and the success of the Chapter 11 Cases. Should any PACA Claimant refuse or discontinue sale of produce to any restaurant, even for a brief period of time, the Debtors may be forced to cease their restaurant operations, resulting in a substantial disruption of their restaurants and loss of substantial revenue. Additionally, absent the relief requested herein, the Debtors could be subjected to countless actions from PACA Claimants

seeking enforcement of their PACA Claims, which would result in the unnecessary expenditure and misallocation of the Debtors' limited financial and human resources. If forced to take court action, the PACA Claimants will also seek attorneys' fees and interest, to the further detriment of these estates and their creditors.

### 7. The 503(b)(9) Motion.

13. The Debtors have several vendors that have sold goods to the Debtors within twenty (20) days of the Petition Date. These vendors sell the Debtors goods that are essential to the Debtors, and without those goods, the Debtors' business will be severely disrupted. The Debtors believe that a uniform procedure allowing these vendors to exercise their rights under Section 503(b)(9) of the Bankruptcy Code will be fair to all parties.

14. Further, because of the size of the Debtors' business generally, and, in particular, the constant and quick, one (1) or two (2) day turnover of inventory, the fact that the Debtors' inventory primarily consists of perishable goods, and the volume of inventory receipts and sales due to the number of locations, it is not feasible for the Debtors to return inventory shipments to vendors in response to any reclamation notices. Moreover, absent the establishment of an orderly process, the Debtors' business operations might suffer and management's attention would be diverted from important operational issues in order to deal with the reclamation claims. As such, it is necessary for the 503(b)(9) Motion to be heard immediately.

### 8. The Transitional Services Agreement Motion

15. While the Debtors believe the Transitional Services Agreement likely falls within the ordinary course of business as the Agreement simply allows LJS to provide consulting services to the Debtors' independent managers in order to facilitate an orderly transition to LJS if LJS is the successful purchaser, out of an abundance of caution and in the interest of transparency, the Debtors have sought approval of the Agreement under Section 363(b).

16. As set forth in the Agreement: (i) LJS shall have no authority to hire or terminate employees of the MSAA Operators; (ii) LJS may not require the MSAA Operators to purchase any quantity or amount of goods for the LJS Restaurants; (iii) LJS may not compel the expenditure of any funds not already included in any "cash collateral budget"; (iv) LJS shall

have no access to any bank account of the MSAA Operators; and (v) LJS shall have no right to collections or payments or proceeds resulting from the Operations. *See* Agreement § 4.

17. Here, the Debtors have prudently exercised their business judgment in determining that the Agreement furthers the interest of the Debtors, their estates, and their creditors by allowing LJS to immediately undertake due diligence with regard to the proposed sale and to seamlessly transition if LJS is the successful purchaser, thereby precluding unnecessary delay and additional administrative costs during the Chapter 11 Cases. Further, the Debtors have structured the Agreement such that the Agreement is cancellable and will not have any adverse effect on the ability of the Debtors to market their assets to third parties and is therefore in the best interest of the Debtors, their estates, and their creditors.

### 9. The Cash Management Motion.

18. The Debtors' cash management system is an ordinary, usual, and important business practice. The cash management system enables the Debtors to maintain control over the receipt and disbursement of cash, and to generate timely and accurate financial information critical to managing during the pendency of these Chapter 11 Cases. If these practices and procedures are disrupted, the Debtors' operations may be jeopardized.

19. Establishing a new cash management system would entail significant delay and cost. At a minimum, substantial disruptions to the Debtors' businesses would occur by, among other things, delaying the payments to vendors, lessees, employees and customers. This would in turn harm trade creditors, consumer confidence, and employee, loyalty, and would hinder the Debtors' ability to maximize its value in their Chapter 11 Cases.

### 10. The Utilities Motion.

20. Preserving utility services on an uninterrupted basis is essential to the Debtors' ongoing operations and, therefore, to the success of their Chapter 11 Cases. Any interruption of utility services, even for a brief period of time, would disrupt the Debtors' ability to continue servicing their customers, thereby negatively impacting customer relationships, revenues, and profits. Such a result could jeopardize the Debtors' reorganization efforts and, ultimately, value and creditor recoveries. It is therefore critical that utility services continue uninterrupted during

these Chapter 11 Cases. The debilitating effect of the loss, even if temporary, of utility services necessitates that this motion be heard on shortened time.

B. **Good Cause Exists to Hear the First Day Motions on Shortened Time.**

21. As detailed above, good cause exists with which this Court may grant the OST Application as the relief requested by the Debtors through the First Day Motions is necessary to allow the Debtors to continue their day-to-day business operations following the filing of their Debtors' voluntary petitions, including, of utmost importance, to timely tender payroll. Without such immediate relief, the Debtors' operations will be placed in imminent jeopardy, thereby harming the Debtors, their estates, and their creditors.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 12th day of August, 2015.

       */s/ Talitha Gray Kozlowski*
       TALITHA GRAY KOZLOWSKI

## II.
## LEGAL ARGUMENT

Section 105 allows this Court to issue such orders as are necessary to carry out the provisions of this title. Bankruptcy Rule 9006(c)(1) generally permits a Bankruptcy Court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Bankruptcy Rule 9006(c)(1) provides as follows:

> Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

11 U.S.C. § 105. Local Rule 9006 provides further authority for shortening the time for a hearing. According to Local Rule 9006(b), every motion for an order shortening time must be accompanied by an affidavit stating the reasons for an expedited hearing. As set forth in the Gray Declaration, Debtor's successful transition to their Chapter 11 Cases is predicated upon the First Day Motions being heard on **August 14, 2015, at 1:30 p.m.**

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

8

Local Rule 9006 requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice and how notice was provided or attempted to be provided. An Attorney Information Sheet was filed contemporaneously with this OST Application.

### III.
### CONCLUSION

WHEREFORE, the Debtors respectfully request that this Honorable Court grant this OST Application and issue an order shortening time to hear the First Day Motions on **August 14, 2015, at 1:30 p.m.,** and for such other and further relief as the Court deems just and proper.

DATED this 12th day of August, 2015.

GARMAN TURNER GORDON LLP

By: */s/ Talitha Gray Kozlowski*
GERALD M. GORDON, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARK M. WEISENMILLER, ESQ.
650 White Drive, Suite 100
Las Vegas, NV 89119

and

HELLER, DRAPER, PATRICK, HORN
 & DABNEY, L.L.C.
DOUGLAS S. DRAPER, ESQ.
LESLIE A. COLLINS ESQ.
GRETA M. BROUPHY, ESQ.
650 Poydras Street, Suite 2500
New Orleans, LA 70130-6103

*Proposed Attorneys for Debtors*