GARMAN TURNER GORDON LLP
GERALD M. GORDON, ESQ.
NV Bar No. 229
E-mail: ggordon@gtg.legal
TALITHA GRAY KOZLOWSKI, ESQ.
NV Bar No. 9040
E-mail: tgray@gtg.legal
MARK M. WEISENMILLER, ESQ.
NV Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, NV 89119
Telephone: (725) 777-3000
 Facsimile: (725) 777-3112

HELLER, DRAPER, PATRICK, HORN, & DABNEY, L.L.C.
DOUGLAS S. DRAPER, ESQ.
LA Bar No. 5073*
E-mail: ddraper@hellerdraper.com
LESLIE A. COLLINS, ESQ.
LA Bar No. 14891*
E-mail: lcollins@hellerdraper.com
GRETA M. BROUPHY, ESQ.
LA Bar No. 26216*
E-mail: gbrouphy@hellerdraper.com
650 Poydras St., Suite 2500
New Orleans, LA 70130
Telephone: (504) 299-3300
Facsimile: (504) 299-3399
*  *pro hac vice application pending*

*Proposed Attorneys for Debtors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA**

| In re: MSAA LV PARTNERS, LLC.<br>☐ Affects this Debtor.<br>☒ Affects ALL DEBTORS<br>☐ Affects MSAA HOLDINGS, LLC<br>☐ Affects MSAA PA PARTNERS, LLC<br>☐ Affects MSAA PARTNERS, LLC | **BK-S-15-14589-abl**<br>Chapter 11<br>JOINT ADMINISTRATION REQUESTED<br>BK-S-15-14600-abl<br>BK-S-15-14599-abl<br>BK-S-15-14598-abl |
|---|---|

**MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 503(b)(9)
ESTABLISHING PROCEDURE FOR TREATMENT OF § 503(b)(9) CLAIMS**

MSAA LV Partners, LLC, *et al,*[1] debtors and debtors-in-possession (collectively, the "Debtors"), by and through their undersigned counsel, hereby move the Court (the "Motion") for entry of an order establishing procedures for treatment of certain reclamation claims. In support of this Motion, the Debtors respectfully state as follows:

. . .

---

[1] MSAA LV Partners, LLC, MSAA Holdings, LLC, MSAA PA Partners, LLC, and MSAA Partners, LLC have sought concurrently herewith, the joint administration of the above-captioned debtors.

## I. JURISDICTION, VENUE, AND BACKGROUND

1. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (B), (M), and (O).

2. The statutory bases for the relief requested herein are Sections 105(a), 363, 503(b), and 546(c) and Local Rule 4001.

3. Pursuant to Local Rule 9014.2, the Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution

4. On August 11 and 12, 2015 (the "Petition Date"), the Debtors filed for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their business and manage their property as Debtors-in-Possession, pursuant to Sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no official committee of creditors or equity interest holders has yet been established.

5. The *Omnibus Declaration in Support of the Debtors' First Day Motions and Applications* (the "Omnibus Declaration") filed concurrently herewith and incorporated herein by this reference provides a detailed discussion of the factual background and circumstances surrounding the Debtors' commencement of these Chapter 11 Cases, the Debtors' operations, the facts and circumstances necessitating entry of an order authorizing the relief requested herein.

## II. LEGAL ANALYSIS

6. Section 503(b)(9) provides that "the value of any goods received by the debtor within 20 days before the date of commencement of a case…in which the goods have been sold to the debtor in the ordinary course of the debtor's business" shall be allowed as administrative expense claims.

7. By the plain terms of the statute, a creditor's right to assert an administrative claim pursuant to Section 503(b)(9) is limited in three ways: "(1) the vendor must have provided

goods (not services); (2) the debtor must have received the goods within twenty-days of the commencement of the case; and (3) the goods must have been sold 'in the ordinary course' of the debtor's business." *Brown & Cole Stores, LLC v. Associated Grocers, Inc. (In re Brown & Cole Stores, LLC)*, 375 B.R. 873, 878 n.7 (B.A.P. 9th Cir. 2007). This right to an administrative claim pursuant to Section 503(b)(9) does not depend on whether the seller has a right to reclaim under state law; rather, it applies even if the goods are no longer in the possession of the debtor or are not identifiable, and it applies even if the goods are encumbered by a senior security interest. *See id.* Moreover, the administrative claim pursuant to Section 503(b)(9) is not limited to critical vendors. *See id.*

8. The Debtors have several vendors that have sold goods to the Debtors within twenty (20) days of the Petition Date. These vendors sell the Debtors goods that are essential to the Debtors, and without those goods, the Debtors' business will be severely disrupted. The Debtors believe that a uniform procedure allowing these vendors to exercise their rights under Section 503(b)(9) of the Bankruptcy Code will be fair to all parties.

9. Moreover, because of the size of the Debtors' business generally, and, in particular, the constant and quick, one (1) or two (2) day turnover of inventory, the fact that the Debtors' inventory primarily consists of perishable goods, and the volume of inventory receipts and sales due to the number of locations, it is not feasible for the Debtors to return inventory shipments to vendors in response to any reclamation notices. Furthermore, absent the establishment of an orderly process, the Debtors' business operations might suffer and management's attention would be diverted from important operational issues in order to deal with the reclamation claims.

10. As a result of the foregoing, the Debtors propose the following procedures for the processing and treatment of claims under Section 503(b)(9) that exceed $5,000.00. These procedures will permit the Debtors sufficient time to review reclamation demands from vendors without immediate and costly litigation and will allow such vendors an orderly process for adjudication of their claims. The proposed procedures are as follows:

Garman Turner Gordon LLP
650 White Drive, Suite 100
Las Vegas, NV 89119
(725) 777-3000

(a) any vendor who has a claim that exceeds $5,000.00 for goods sold to the Debtors within twenty (20) days prior to the Petition Date shall make a written demand to the Debtors on or before the 30th day after the Petition Date. Any demands received after such date will not be entitled to the treatment set forth herein.

(b) on or before the 45th day after the Petition Date, the Debtors shall file a reconciliation report, listing any and all demands received and discrepancies;

(c) all parties in interest shall have the right and opportunity to object to the Debtors' report and the inclusion or omission of any asserted claim in connection with such report;

(d) all claims either approved by the Debtors as valid, or allowed by the Court, will be entitled to priority as an administrative expense of the Debtors' estates ("<u>Final Claims</u>");

(e) on or before the 60th day following the Petition Date, the Debtors are authorized to pay the Final Claims on payment terms agreeable to the Debtors; and

(f) in exchange for the payment of the Final Claims, each claimant must agree to provide post-petition goods and services to the Debtors on terms which are substantially similar to the pre-petition arrangements and agreeable to the Debtors and the claimant.

11. The Debtors are willing to engage in the process described above because it will streamline resolution of the putative reclamation claims that are likely to be asserted against the estate. Thus, the Debtors believe it is in the best interests of the estates to treat claimants that hold claims greater than $5,000.00 in the above-described manner.

12. The Debtors believe that the relief requested herein will ensure the supply of goods that are vital to the Debtors' continuous operations and integral to their successful reorganization. *See In re Continental Airlines,* 125 B.R. 415, 417-18 (Bankr. D. Del. 1991) (denying reclamation of equipment and granting administrative expense claim to creditor where equipment was necessary to Debtors' reorganization).

13. In light of the foregoing, the Debtors believe that the relief requested in this Motion is appropriate and is in the best interests of the Debtors, their estates, and their creditors.

. . .

### III. <u>Notice</u>

14. Notice of this pleading has been provided by e-mail, facsimile, or overnight delivery to (a) the Debtors; (b) counsel for the Debtors; (c) any official committees appointed in the case and their respective counsel; (d) the Office of The United States Trustee, 300 Las Vegas Boulevard South, Suite 4300, Las Vegas, Nevada 89101; (e) the top 20 largest unsecured creditors of each of the Debtors until any official committee for unsecured creditors is formed; (f) United States Attorney's Office, Attn: Civil Process Clerk, 333 Las Vegas Blvd. South, Suite 5000, Las Vegas, Nevada 89101; (g) United States Attorney's Office for the District of Nevada, United States Attorney's Office, 333 Las Vegas Blvd. South, Suite 5000, Las Vegas, Nevada 89101; (h) Nevada's Attorney General's Office, Grant Sawyer Building, 555 E. Washington Avenue, Suite 3900, Las Vegas, Nevada 89101; (i) Nevada's Department of Taxation, Bankruptcy Section, Grant Sawyer Office Building, 555 E. Washington Ave, Suite 1300, Las Vegas, Nevada 89101; (j) Mark Friedman, DLA Piper LLP, The Marbury Building, 6225 Smith Avenue, Baltimore, Maryland 21209-3600; (k) Scott M. Esterbrook, Reed Smith LLP, Three Logan Square, Suite 3100, 1717 Arch Street, Philadelphia, Pennsylvania 19103; (l) McLane Foodservice, Inc., c/o Eric R. Goodman, Baker Hostetler, PNC Center, 1900 East 9th Street, Suite 3200, Cleveland, Ohio 44114-3482; (m) A&W Restaurants, Inc., McGrathiana Parkway, Suite 380, Lexington, Kentucky 40511; (n) Clark County Treasurer c/o Bankruptcy Clerk, 500 S. Grand Central Parkway, Box 551220, Las Vegas, Nevada 89155-1220; (o) Clark County Assessor c/o Bankruptcy Clerk, 500 S. Grand Central Parkway, Box 551401, Las Vegas, Nevada 89155-1401; (p) Internal Revenue Service, P.O. Box 7346, Philadelphia, Pennsylvania 19105-1545; (q) Department of Employment, Training and Rehab, Employment Security Division, 500 East Third Street, Carson City, Nevada 89713; (r) Social Security Administration, Office of Regional Chief Counsel, Region IX, 160 Spear Street, Suite 800, San Francisco, California 94105-1545; and (s) all parties who request notices pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order in the form attached hereto as **Exhibit "1"**: (a) establishing a procedure for treatment of valid

1 reclamation claims that are greater than $5,000.00, and (b) granting such other and further relief
2 as the Court deems appropriate.

Dated this 12th day of August, 2015.

GARMAN TURNER GORDON LLP

By: /s/ Talitha Gray Kozlowski
GERALD M. GORDON, ESQ.
TALITHA GRAY KOZLOWSKI, ESQ.
MARK M. WEISENMILLER, ESQ.
650 White Drive, Suite 100
Las Vegas, NV 89119

and

HELLER, DRAPER, PATRICK, HORN
 & DABNEY, L.L.C.
DOUGLAS S. DRAPER, ESQ.
LESLIE A. COLLINS ESQ.
GRETA M. BROUPHY, ESQ.
650 Poydras Street, Suite 2500
New Orleans, LA  70130-6103

*Proposed Attorneys for Debtors*